IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NAKEETA WOODS,<br><br>  Plaintiff,<br><br>vs.<br><br>MEADOWLARK HOMECARE,<br><br>  Defendant, | CV 22-28-M-DLC-KLD<br><br><br>ORDER |

On May 13, 2022, Plaintiff Nakeeta Woods, who is proceeding pro se and in forma pauperis, filed a Motion for Disqualification requesting that this case be reassigned to a different United States Magistrate Judge. (Doc. 12). Since commencing this action in February 2022, Plaintiff has filed two motions requesting court appointed counsel. (Docs. 4, 10). The Court denied both motions on the grounds that a civil litigant does not have a Sixth Amendment right to counsel, and Plaintiff has not demonstrated exceptional circumstances as required to warrant appointment of counsel under 28 U.S.C. § 1915(e)(1). (Docs. 5, 11). Three days after the Court denied her second motion for court appointed counsel, Plaintiff filed the pending motion for a "a new judge to oversee [her] case." (Doc. 12). Plaintiff explains that she does not "feel impartially treated well" because the undersigned "has denied [Plaintiff's] deserving request twice." (Doc. 12).

1

Plaintiff's most recent filing is properly construed as a motion for my disqualification under 28 U.S.C. § 455(a). Section 455(a) is a self-executing disqualification statute. It provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." What matters under § 455(a) "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The test for disqualification under § 455(a) is an objective one, pursuant to which recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).

It is well-established that disqualification under § 455(a) is limited by the extrajudicial source doctrine, "which generally requires as a basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). Under this doctrine, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. To "[O]nly in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555.

"[J]udges are not to recuse themselves lightly under § 455(a)" and should

participate in cases assigned if there is no legitimate reason for recusal. *United States v. Sierra Pacific Industries*, 2010 WL 4777842 *6 (E.D. Cal. 2010) (quoting *United States v. Synder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*, 519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Sierra Pacific Industries*, 2010 WL 4777842 at *2 (citing *Holland*, 519 F.3d at 912).

Here, Plaintiff's seeks the Court's disqualification based solely on the fact that the Court denied her motions for court-appointed counsel. The Court had no extrajudicial source for its rulings, and the fact that Plaintiff disagrees with the outcome does not meet the standard for disqualification under § 455(a). Because Plaintiff has not established any legitimate basis for the Court's disqualification under § 455(a),

IT IS ORDERED that Plaintiff's Motion for Disqualification (Doc. 12) is DENIED. See *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (concluding that a motion for disqualification "is addressed to, and must be decided by, the very judge whose impartiality is being questioned").

DATED this 16th day of May, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge