IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NAKEETA WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>MEADOWLARK HOMECARE,<br><br>Defendant, | CV 22-28-M-DLC-KLD<br><br>FINDINGS & RECOMMENDATION |

## I.      Background

On February 1, 2022, Plaintiff Nakeeta Woods, who is proceeding pro se, filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a Complaint against Meadowlark Homecare. (Doc. 2). On March 3, 2022, Plaintiff filed a motion for appointment of counsel. (Doc. 4).

On March 7, 2022, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis, but denying her request for court appointed counsel on the grounds that a civil litigant does not have a Sixth Amendment right to counsel and Plaintiff had not demonstrated exceptional circumstances as required to warrant appointment of counsel under 28 U.S.C. § 1915€(1). (Doc. 5). The Court also advised Plaintiff that her Complaint fails to state a claim for relief, and gave

1

her the opportunity to file an Amended Complaint by March 21, 2022. (Doc. 5). Plaintiff moved for an extension of time to amend her Complaint, and the Court gave her until May 24, 2022 within which to file her Amended Complaint. (Doc. 9). Plaintiff subsequently filed a second motion for appointment of counsel, which the Court again denied because Plaintiff had not demonstrated exceptional circumstances warranting appointment of counsel. (Docs. 10 & 11).

Plaintiff did not file an Amended Complaint by the May 24, 2022 deadline. On May 31, 2022, the Court entered a show cause order, giving Plaintiff until June 15, 2022 to show cause why this matter should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 20).

On June 7, 2022, Plaintiff filed a response to the Court's show cause order. (Doc. 21). She explains that she "just contacted Washington for help to find an attorney" and has provided a copy of a letter requesting "help to find an attorney to represent and settle my case for seven figures right away." (Doc. 21).

As explained in prior orders, Plaintiff is not entitled to court appointed counsel. In her most recent submission, Plaintiff fails to show good cause for not having amended her amended her complaint by the court ordered deadline. Accordingly, and based on Plaintiff's failure to comply with the Court's order directing her to amend her complaint by May 24, 2022, the Court makes the

2

following recommendation.

## II. Discussion

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.,* 527 F.2d 1168, 1170 (9th Cir.1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

Here, four of the five factors weigh in favor of dismissal. The first two factors – the public interest in expeditious resolution of litigation and a court's need to manage its docket – relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). As outlined above, Plaintiff failed to comply with the Court's order directing her to file an Amended Complaint and has not demonstrated good cause for failing to

comply with that order. Her failure to do so has wasted "valuable time that [the Court] could have devoted to other … criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. The first two factors thus weigh in favor of dismissal.

The third factor also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir.1987). Because the Defendant has not been served, it has not yet suffered any actual prejudice. However, given Plaintiff's failure to file an amended complaint or show good cause for not having done so, this matter could linger indefinitely, thereby resulting in a heightened risk of prejudice to the Defendant. See *Yourisch v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (recognizing that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting" and supports dismissal).

Finally, the Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Based on the record thus far, there is no reason to expect that Plaintiff will respond more satisfactorily if given

additional opportunities to comply with the Court's orders and file an amended complaint. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Plaintiff will have an opportunity to file objections to this Findings and Recommendation, which may not technically be considered an "alternative" but will give her the opportunity to challenge the Court's rulings. Having considered less drastic alternatives, the Court finds that this factor weighs in favor of dismissal.

Finally, the fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). This factor is outweighed by the factors discussed above, however, all of which weigh in favor of dismissing this matter based on Plaintiff's failure to comply with this Court's orders and prosecute her claims.

For the reasons outlined above, the Court enters the following:

### RECOMMENDATION

IT IS RECOMMENDED that:

1. Plaintiff's Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to

prosecute and failure to comply with the Court's orders.

2. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 6th day of July, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge