IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NAKEETA WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>MEADOWLARK HOMECARE,<br><br>    Defendant. | CV 22–28–M–DLC–KLD<br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation. (Doc. 23.) Judge DeSoto recommends that Plaintiff Nakeeta Woods' complaint be dismissed without prejudice for failure to prosecute and failure to comply with court orders. (*Id.*)

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). The Court finds no error in this case.

1

Woods filed her complaint against Meadowlark Homecare on February 1, 2022, claiming federal question jurisdiction based on "mental disability" and stating "Harassment" under "Statement of Claim." (*See generally* Doc. 2.) Woods then moved for the appointment of counsel twice (Docs. 4; 10), which Judge DeSoto denied both times on the basis that Woods is not statutorily eligible for court-appointed counsel (Docs. 5; 11.) In one of these denial orders, issued on March 7, 2022, Judge DeSoto notified Woods that her complaint failed to state a claim, but permitted her to amend her complaint on or before March 21, 2022. (Doc. 5 at 7.)

Woods then unsuccessfully moved to disqualify Judge DeSoto. (Docs. 12; 13.) Because Woods continually transmitted abusive and hostile communications to the Court, Judge DeSoto ordered that Woods could only contact the Clerk of Court in writing. (Doc. 14.) Woods then filed a motion to "settle right away," demanding more than "three million dollars." (Doc. 15.) Because Judge DeSoto is without power to afford Woods such relief, the motion was denied. (Doc. 17.) Undeterred, Woods filed another motion seeking settlement of her case for "more than three millions (sic) of dollars," which Judge DeSoto again denied. (Docs. 16; 19.)

Finally, on May 31, 2022, Judge DeSoto issued an order, noting that Woods had failed to file an amended complaint by the deadline imposed, and ordering her

2

to show cause on or before June 15, 2022, as to why her complaint should be not be dismissed for failure to prosecute. (Doc. 20.) On June 7, 2022, Woods filed a responsive document stating she "just contacted Washington for help to find an attorney," providing a letter sent to the United States Equal Employment Opportunity Commission Field Office in Seattle. (Doc. 21.) Woods submitted another filing on July 5, 2022, indicating she has been unable to find counsel to represent her in this case. (Doc. 22.)

On July 6, 2022, Judge DeSoto issued her Findings and Recommendation, concluding that Woods had failed to amend her complaint within the allotted time, and that the relevant factors supported dismissing her lawsuit for failure to prosecute and follow court orders under Rule 41(b). (Doc. 23.) As such, Judge DeSoto recommends Woods' complaint be dismissed without prejudice and that this Court certify any appeal would not be taken in good faith. (*Id.* at 5–6.) Woods filed a responsive document stating she objects to Judge DeSoto's findings and recommendation, adding she has been unable to meet Court deadlines because of "obstruction from law enforcement and neighbors." (Doc. 24.)

The Court will adopt Judge DeSoto's findings and recommendation in full. Woods has failed to amend her complaint to state a claim upon which relief can be granted. Judge DeSoto explained to Woods what sort of allegations were necessary to state a claim and permitted her to amend her complaint to do so.

Based on the foregoing, the Court concludes that this action should be dismissed for failure "to prosecute" and comply with court orders. Fed. R. Civ. P. 41(b).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 23) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Woods' complaint is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

IT IS FURTHER ORDERED that this Court CERTIFIES any appeal of this matter would not be taken in good faith.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 2nd day of August, 2022.

_____
Dana L. Christensen, District Judge
United States District Court